**MICHAEL N. FEUER**, City Attorney
**SCOTT MARCUS**, Chief Senior Assistant City Attorney (SBN 184980)
**CORY M. BRENTE,** Senior Assistant City Attorney (SBN 115453)
**DORDANEH GHAEMI,** Deputy City Attorney (SBN 280170)
200 N. Main Street, 6th Floor, City Hall East
Los Angeles, California 90012
Tel: Phone No.: (213) 978-7015; Fax:  (213) 978-8785
Email: Dordaneh.Ghaemi@lacity.org

*Attorneys for Defendants* **CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, ZACKERY WILLIAM WECHSLER**, and **RONALD PETER JACOBUS III**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL J. WASHINGTON and LOLA MITSUK, <br><br> Plaintiffs, <br><br> vs. <br><br> ZACKERY WILLIAM WECHSLER, an individual; RONALD PETER JACOBUS, III, an individual; CITY OF LOS ANGELES, a municipal corporation; LOS ANGELES POLICE DEPARTMENT, a public entity and DOES 1 through 20, inclusive <br><br> Defendants. | Case No. : <br><br> **LASC CASE NO. 22STCV09643** <br>*[Action Filed: March 18, 2022]* <br>[Assigned: Hon. Barbara A. Meiers, Dept. 12] <br><br><br> **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 (a) and 1446 (a); DECLARATION OF DORDANEH GHAEMI; AND SUPPORTING EXHIBITS** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, ZACKERY WILLIAM WECHSLER and RONALD PETER JACOBUS III (hereinafter "CITY DEFENDANTS") hereby remove this action from the Superior Court for the State of California, County of Los Angeles to

1

the United States District Court for the Central District of California.  The removal is made pursuant to 28 U.S.C. § 1446(a), on the facts set forth below:

1.      The CITY DEFENDANTS are named defendants in this civil action filed in the Superior Court of the State of California, County of Los Angeles entitled *Earl J. Washington, et al. vs. Zackery William Wechsler, et al.,* Superior Court Case No. 22STCV09643 (hereinafter "Plaintiffs' Complaint").  Plaintiffs filed their Complaint on March 18, 2022.  The following are true and correct copies of the State Court documents in the above action with referenced exhibit numbers: Plaintiffs' Complaint (Exhibit 1); Summons (Exhibit 2); Civil Case Cover Sheet (Exhibit 3); Civil Case Cover Sheet Addendum and Statement of Location (Exhibit 4); Notice of Case Assignment - Unlimited Civil Case (Exhibit 5); Notice of Case Management Conference (Exhibit 6); Minute Order (Case Management Conference) (Exhibit 7);  Alternative Dispute Resolution (ADR) Information Package (Exhibit 8); First Amended General Order Re Mandatory Electronic Filing For Civil (Exhibit 9); and Voluntary Efficient Litigation Stipulations (Exhibit 10).

2.      This action meets the original jurisdiction requirements of 28 USC § 1441(a) and is removable by CITY DEFENDANTS pursuant to 28 USC § 1446(a).  A case is removable from state to federal court if the action could have been originally commenced in federal court.  28 USC § 1441(a); *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 702 (1972).  The propriety of removal is determined at the time the petition for removal is filed by reference to the plaintiff's complaint filed in state court.  *La Chemise Lacoste v. Alligator Co.*, 506 F.2d 339, 343-44 (3d Cir. 1974).  When the complaint states a claim invoking the original jurisdiction of the federal court, the action is removable.  *Id*.  Under the Judicial Code, federal district courts have original jurisdiction in the district courts over all actions brought under 42 USC § 1983.  See 28 USC § 1343(a)(3).  Moreover, the Code confers original jurisdiction in the district courts over all actions involving federal questions.  See 28 USC § 1331.

3.    The gravamen of this action is the federal civil rights claims set forth in the first through third causes of action of Plaintiffs' Complaint.

4.    Additionally, state law claims are set forth in the fourth through thirteenth causes of action of Plaintiffs' Complaint.  When an action originally filed in state court is removed to federal court, the federal tribunal has jurisdiction to determine not only the federal claims but all pendent state claims "that are so related to claims in the action . . . that they form part of the same case or controversy . . . ."  *See* 28 USC § 1367(a).

5.    The CITY OF LOS ANGELES, the LOS ANGELES POLICE DEPARTMENT and ZACKERY WILLIAM WECHSLER were served with Plaintiffs' Complaint on August 2, 2022, and consent to this removal.  (See Declaration of Dordaneh Ghaemi.)  RONALD PETER JACOBUS III was served with Plaintiffs' Complaint on August 9, 2022, and consents to this removal.  (*See Id*.)

6.    Further, other than those persons identified above and the persons identified in the caption as "DOES 1 through 20" there are no other named defendants in this lawsuit.  Therefore, there are no other defendants who need to consent in order for this case to be removed. (See Declaration of Dordaneh Ghaemi.)

7.    The Notice of Removal is filed with this Court within 30 days after Defendants CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT and ZACKERY WILLIAM WECHSLER were served with Plaintiffs' Complaint on August 2, 2022.  (See Declaration of Dordaneh Ghaemi.)

8.    The Notice of Removal is being filed in this Court and in the Superior Court of the State of California, County of Los Angeles.

///
///
///
///
///
///

3

WHEREFORE, the above-entitled action, now pending in the Superior Court of the State of California, County of Los Angeles, is removed to the United States District Court for the Central District of California.

Respectfully submitted,

DATED: September 1, 2022

**MICHAEL N. FEUER**, City Attorney
**SCOTT MARCUS**, Chief Senior Assistant City Attorney
**CORY M. BRENTE**, Senior Assistant City Attorney

By: _Dordaneh Ghaemi_

**DORDANEH GHAEMI,** Deputy City Attorney
*Attorneys for Defendants,* **CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, ZACKERY WILLIAM WECHSLER**, and **RONALD PETER JACOBUS III**

4

## **DECLARATION OF DORDANEH GHAEMI**

I, DORDANEH GHAEMI, do hereby declare that I have personal knowledge of the facts set forth herein and that if called as a witness in this case, I could and would competently testify as follows:

1.      I am a Deputy City Attorney for the City of Los Angeles.  In that capacity, I have been assigned to assist in representing Defendants CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, ZACKERY WILLIAM WECHSLER AND RONALD PETER JACOBUS III ("CITY DEFENDANTS") in the case of Earl J. Washington, et al. vs. Zackery William Wechsler, et al., Superior Court Case No. 22STCV09643, now pending in the Los Angeles Superior Court.

2.      The following are true and correct copies of the State Court documents in the above action with referenced exhibit numbers: Plaintiffs' Complaint (**Exhibit 1**); Summons (**Exhibit 2**); Civil Case Cover Sheet (**Exhibit 3**); Civil Case Cover Sheet Addendum and Statement of Location (**Exhibit 4**); Notice of Case Assignment - Unlimited Civil Case (**Exhibit 5**); Notice of Case Management Conference (**Exhibit 6**); Minute Order (Case Management Conference) **(Exhibit 7**);  Alternative Dispute Resolution (ADR) Information Package (**Exhibit 8**); First Amended General Order Re Mandatory Electronic Filing For Civil (**Exhibit 9**);  and Voluntary Efficient Litigation Stipulations (**Exhibit 10**).

3.      The CITY OF LOS ANGELES was served with Plaintiffs' complaint on August 2, 2022, and consents to this removal.  Attached hereto as **Exhibit 11** is a true and correct copy of the Summons served on Defendant CITY OF LOS ANGELES.

4.      The LOS ANGELES POLICE DEPARTMENT was served with Plaintiffs' complaint on August 2, 2022, and consents to this removal.  Attached hereto as **Exhibit 12** is a true and correct copy of the Summons served on Defendant LOS ANGELES POLICE DEPARTMENT.

5.      ZACKERY WILLIAM WECHSLER was served with Plaintiffs' Complaint on August 2, 2022, and consents to this removal.  Attached hereto as **Exhibit 13** is a true

and correct copy of the Summons served on Defendant ZACKERY WILLIAM WECHSLER.

6.    RONALD PETER JACOBUS III was served with Plaintiffs' Complaint on August 9, 2022, and consents to this removal.  Attached hereto as **Exhibit 14** is a true and correct copy of the Summons served on Defendant RONALD PETER JACOBUS III.

7.    Further, other than those persons identified above and the persons identified in the caption as "DOES 1 through 20" there are no other named defendants in this lawsuit.  Therefore, there are no other defendants who need to consent in order for this case to be removed.

8.    The Notice of Removal is filed with this Court within 30 days after Defendants CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT and ZACKERY WILLIAM WECHSLER were served with Plaintiffs' Complaint on August 2, 2022.

9.    This Notice of Removal is being filed in this Court and in the Los Angeles Superior Court.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of September, 2022, at Los Angeles, California.


/S/ *Dordaneh Ghaemi*
DORDANEH GHAEMI, Declarant

6

## PROOF OF SERVICE

I, ANNA WANDER, the undersigned, declare as follows:

At the time of service, I was over 18 years of age and not a party to this action. My business address is 200 N. Main Street, 600 City Hall East, Los Angeles, CA 90012, which is the County, City, and State where this mailing occurred.

On September 1, 2022, I served the document(s) described as: **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 (a) and 1446 (a); DECLARATION OF DORDANEH GHAEMI; AND SUPPORTING EXHIBITS** on all interested parties in this action:

***Attorneys for Plaintiffs:***
Earl J. Washington, Esq. (SBN: 311143)
EARL J. WASHINGTON
1049 Havenhurst Drive, # 507
West Hollywood, California 90046
Telephone: (213) 265-2493
Email: earl.j.washington@gmail.com

I served a true copy of the document(s) above by:
 [X]  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day, that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for the mailing affidavit.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I hereby certify under the penalty of perjury that the foregoing is true and correct.

Dated: September 1, 2022                    *Anna Wander*
                                             **ANNA WANDER**

7