Electronically FILED by Superior Court of California, County of Los Angeles on 03/18/2022 10:15 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez, Deputy Clerk
22STCV09643

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Barbara Meiers

Earl J. Washington Attorney at Law
EARL J. WASHINGTON (SBN: 311143)
1049 Havenhurst Drive, # 507
West Hollywood, California 90046
Telephone: (213) 265-2493
Email: earl.j.washington@gmail.com

Attorney for Plaintiffs

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| EARL J. WASHINGTON and LOLA MITSUK, <br><br>Plaintiffs, <br><br>vs. <br><br>ZACKERY WILLIAM WECHSLER, an individual; RONALD PETER JACOBUS III, an individual; CITY OF LOS ANGELES, a municipal corporation; LOS ANGELES POLICE DEPARTMENT, a public entity and DOES 1 through 20, inclusive, <br><br>Defendants. | CASE NO.  22STCV09643 <br><br>**COMPLAINT FOR:** <br><br>1. **UNLAWFUL SEARCH AND SEIZURE (42 U.S.C. § 1983)** <br>2. **EXCESSIVE FORCE (42 U.S.C. § 1983)** <br>3. **FALSE ARREST (42 U.S.C. § 1983)** <br>4. **FALSE ARREST** <br>5. **CIVIL ASSAULT** <br>6. **CIVIL BATTERY** <br>7. **TRESPASS** <br>8. **INVASION OF PRIVACY** <br>9. **VIOLATION OF CIVIL CODE SECTION 52.1** <br>10. **VIOLATION OF CIVIL CODE SECTION 43** <br>11. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** <br>12. **NEGLIGENCE** <br>13. **NEGLIGENT TRAINING** |

Plaintiffs allege and complain as follows:

## PARTIES

1.  Defendant Zackery William Wechsler ("Wechsler") is an individual residing or having a principal place of employment in the County of Los Angeles, California.

2.  Defendant Ronald Peter Jacobus III ("Jacobus") is an individual residing or having a principal place of employment in the County of Los Angeles, California.

EARL J. WASHINGTON
ATTORNEY AT LAW
LOS ANGELES

3. Defendant Doe 1 ("Garcia") is an individual residing or having a principal place of employment in the County of Los Angeles, California.

4. Defendant Doe 2 ("Rios") is an individual residing or having a principal place of employment in the County of Los Angeles, California.

5. Defendant Doe 3 ("Anderson") is an individual residing or having a principal place of employment in the County of Los Angeles, California.

6. Defendant Doe 4 ("Doe 4") is an individual residing or having a principal place of employment in the County of Los Angeles, California.

7. Defendant Doe 5 ("Doe 5") is an individual residing or having a principal place of employment in the County of Los Angeles, California.

8. Defendant Los Angeles Police Department (the "LAPD") is a public entity established and existing under the laws of the City of Los Angeles.

9. Defendant City of Los Angeles (the "City") is a public entity and municipal corporation established and existing under the laws of the State of California.

10. At all times mentioned herein, Defendants Wechsler, Jacobus, Garcia, Rios, Anderson, Doe 4 and Doe 5 were acting under the color of law in the scope and course of his or her employment as a uniformed peace officer of the LAPD and under the hiring authority and supervision of the City.

11. At all times mentioned herein, Defendants, and each of them, were the agents, servants or employees of the remaining Defendants, and of each other and that at all times mentioned herein, Defendants and each of them, were acting with knowledge of each other and within the course and scope of said agency, service or employment.

12. Plaintiffs are unaware of the true names and capacities of the defendants sued here as Does 1 through 20 inclusive, and therefore sues these defendants by these fictitious names. Plaintiffs are informed and believe, and on that basis allege, that the fictitious Doe defendants, each or all of them, are responsible in some manner for the damages suffered by Plaintiffs, including based on other facts and legal theories presently unknown to Plaintiffs. Plaintiffs will amend this

EARL J. WASHINGTON
ATTORNEY AT LAW
LOS ANGELES

2

COMPLAINT

complaint to allege the true names and capacities of such fictitiously named defendants when the same are ascertained.

## JURISDICTION AND VENUE

13. The Los Angeles County Superior Court has jurisdiction over this dispute. Venue is proper in the County of Los Angeles because each defendant either resides or does business in the County of Los Angeles, and all injuries or wrongful acts occurred in the County of Los Angeles. Plaintiffs complied with all relevant provisions of the Government Claims Act.

## STATEMENT OF FACTS

14. The City allows the LAPD the unlawful authority to violate citizens' Constitutional right against unreasonable search and seizure of person and property. The LAPD has a custom and practice of permitting low-level peace officers (ranked sergeant and below) the authority to execute warrantless forcible entry of a private home based solely on a peace officer's subjective belief. In doing so, the LAPD has carved out an extrajudicial exception to the Fourth Amendment's prohibition to unreasonable searches and seizures that gives peace officers wide authority to enter a private home without just cause or objectively reasonable basis to excuse warrantless entry. Pursuant to agency policy, custom and practice, armed uniformed employees of the LAPD forcibly entered Plaintiffs' private residence in knowing and intentional disregard of Plaintiffs' Fourth Amendment rights and caused Plaintiffs great emotional and bodily harm in the process. The force used during the invasion of Plaintiffs' home was unreasonable, excessive and highly dangerous and there was no good, just or lawful reason for the intrusion. At best, the LAPD employees negligently, recklessly, knowingly and incompetently entered Plaintiffs' home based solely on their subjective belief that an exigency or emergency was occurring at the time of entry. At worst, the employees entered Plaintiffs' home for purely malicious reasons, without sincerely held subjective beliefs of exigency or emergency, in an egregious and potentially deadly abuse of government power.

15. On the afternoon of February 9, 2021, Wechsler, Jacobus, Garcia, Rios, Anderson, Doe 4 and Doe 5 (the "Breaching Defendants") entered Plaintiffs' private home without warrant, consent, exigency or emergency to excuse the entry. Plaintiffs were secured behind the locked door

EARL J. WASHINGTON
ATTORNEY AT LAW
LOS ANGELES

3

COMPLAINT

of Plaintiffs' private home at the time of the Breaching Defendants' entry. No exigency or emergency was occurring and no observable objective facts existed giving rise to the inference an exigency or emergency was occurring. Plaintiffs gave no consent for the entry and explicitly denied the Breaching Defendants authority for entry prior to and during the course of the unlawful entry to Plaintiffs' home. No objective facts justified use of deadly weapons or weapons of any kind. There were no reports of weapons in Plaintiffs' home. There were no reports that either Plaintiff was armed or that either Plaintiff owned, ever used or held a weapon. Plaintiffs, both of them, spoke to the Breaching Defendants through the front door prior to the Breaching Defendants' entry. Plaintiffs stated that there was no exigency or emergency that required the presence of peace officers and no safety issues that justified unauthorized entry to Plaintiffs' home. Plaintiffs repeatedly and unequivocally stated to the Breaching Defendants that the Breaching Defendants had no authority to enter Plaintiffs' home, Plaintiffs had not given the Breaching Defendants consent to enter and would not provide consent for entry. The Breaching Defendants observed no actions of Plaintiffs nor heard statements from Plaintiffs that objectively (or subjectively) indicated (to a reasonable peace officer on scene) that Plaintiffs posed a threat of physical harm to the Breaching Defendants, the occupants of Plaintiffs' home or anyone else. Plaintiffs did not fight back, resist arrest or attempt to evade detention in any way. Plaintiffs were located many feet above the ground floor with no fire escape and only one means of egress. The Breaching Defendants outnumbered Plaintiffs by at least 3 to 1 and blocked all exits.

16.     All of the Breaching Defendants were armed with lethal weapons. Prior to entering Plaintiffs' home, Jacobus, Garcia, Rios, Anderson, Doe 4 and Doe 5 withdrew a service weapon from a holster and directed the barrel of the weapon toward Plaintiffs' front door. The Breaching Defendants bypassed the locked front door of Plaintiffs' home, opened the door and forced entry. Jacobus, Garcia, Rios, Anderson, Doe 4 and Doe 5 entered Plaintiffs' home with a weapon in hand aimed at Plaintiffs. Jacobus held a taser gun, threatened to shoot Plaintiffs and, with a smirk, promised to cause Plaintiffs intense pain. Garcia held a loaded handgun, with his finger on the trigger and he pointed the barrel of the gun at the head and person of Plaintiffs. Garcia gave repeated

directions to Plaintiffs that they not move while he pointed the loaded gun in Plaintiffs' direction with his finger on the trigger. Rios, Anderson, Doe 4 and Doe 5 followed Jacobus and Garcia into Plaintiffs' home, each pointing a loaded weapon at Plaintiffs. Jacobus, Garcia, Rios, Anderson, Doe 4 or Doe 5, or each and all of them, forcibly grabbed and pushed Plaintiffs in the initial execution of entering the private home. Each Plaintiff was physically and emotionally harmed in the process. Plaintiffs were neither charged with nor suspected of a crime at the time the Breaching Defendants pointed loaded weapons at Plaintiffs. No objective facts surrounding the Breaching Defendants' use of force or weapons gave rise to the inference that a felony or serious crime occurred, was occurring or would occur, or that the use of deadly force was necessary. Plaintiffs were in the locked confines of their private residence and not in a public space.

17. Plaintiff Earl J. Washington ("Washington") was peaceably sitting on his sofa at the time of the Breaching Defendants' entry. Rios and Anderson approached the sofa with loaded guns pointed at Washington's head and body. Rios snatched away from Washington a mobile telephone Washington held in hand. Rios roughly grabbed and pulled at Washington before forcibly yanking Washington to his feet, twisting his arms behind his back and binding his wrists tightly in handcuffs causing him intense pain. Rios touched and physically searched Washington's clothing and all portions of Washington's body. He then pushed Washington toward the front door of Plaintiffs' home, pushed Washington through the door and pressed Washington face-first against the outside wall of Plaintiffs' home. Rios tightly held and twisted Washington's arm and continued to push Washington face-first against the wall for an extended and appreciable period of time. So bound, Washington stood in a place where he was visible to his neighbors. Washington complained to Rios that Rios' grip was painful and that the handcuffs caused Washington extreme discomfort. Washington requested an explanation for the rough treatment, arrest, handcuffs and arm twisting, but received no response. Washington informed Wechsler, Jacobus, Rios and Anderson that Washington had become nauseous and dizzy and for that purpose requested water. Rios denied his request as the other defendants watched. While bound and pressed against the wall, Washington succumbed to his dizziness, fell and smashed his face against the floor causing him great injury and

pain. Wechsler, Jacobus and Rios watched passively as this occurred. Wechsler instructed the other defendants to leave Washington handcuffed lying prone on the floor.

18. Plaintiff Lola Mitsuk ("Mitsuk") stood behind Plaintiffs' front door when the Breaching Defendants entered. Jacobus, Garcia, Doe 4 and Doe 5 lurched after Mitsuk with guns drawn and pointed at her person. Jacobus and Garcia roughly grabbed Mitsuk and threw her roughly against furniture, before twisting her arms behind her back and tightly applying handcuffs on her wrists which caused her intense pain. Jacobus and Garcia touched and physically searched Mitsuk's clothing and all portions of Mitsuk's body. The handcuffs and rough handling caused her physical and emotional pain. Mitsuk stated that the handcuffs caused her pain and repeatedly requested that they be loosened. She was left bound in handcuffs for an appreciable period of time and not permitted the right to leave.

19. Each of the Breaching Defendants conducted an unauthorized search of Plaintiffs' persons and private home. The Breaching Defendants gave no justification for the search nor presented proof of authorization to commit such a search. The front door to Plaintiffs' home was left open for the entirety of the Breaching Defendants' invasion. The Breaching Defendants walked in, out and around Plaintiffs' home as though they were invited guests—telling jokes to each other and making demeaning comments regarding Plaintiffs and Plaintiffs' home. The Breaching Defendants also conducted forced interrogation of Plaintiffs. In the course of doing so, Wechsler admitted that none of the Breaching Defendants knew if a crime had been committed and, if it had, the identity of the person or persons to have committed the unknown crime. After the passage of an extended and appreciable amount of time, Wechsler stated that the Breaching Defendants had no probable cause to arrest and detain Plaintiffs or enter Plaintiffs' private home.

## FIRST CAUSE OF ACTION

**Unlawful Search and Seizure (42 U.S.C. § 1983)**

**(Against City, LAPD, Wechsler, Jacobus, Garcia, Rios, Anderson, Doe 4 and Doe 5)**

20. Plaintiffs incorporate by reference into the First Cause of Action the allegations contained in paragraphs 1 through 19 of this complaint as fully set forth therein.

Earl J. Washington
Attorney at Law
Los Angeles

21. The Breaching Defendants entered and searched Plaintiffs' private home without Plaintiffs' consent, judicial warrant, probable cause or presence of exigency or emergency to excuse the entry. The Breaching Defendants arrested, detained and searched Plaintiffs without consent, warrant, probable cause or presence of exigency or emergency to justify the seizure. Each of the Breaching Defendants was an integral participant in causing the unreasonable searches and seizures. The Breaching Defendants acted intentionally, recklessly and negligently and the Breaching Defendants' actions deprived Plaintiffs of their rights under the United States Constitution and the laws of the United States. Plaintiffs were harmed and their Fourth Amendment rights violated as a direct and proximate result of the Breaching Defendants' unreasonable search and seizure of Plaintiffs' home and person and the Breaching Defendants' unlawful search and seizure was a substantial factor in causing Plaintiffs' harm.

22. The City and the LAPD (the "Public Entities") are directly and personally liable for the Public Entities' established policy, custom and practice and their failure to train the Breaching Defendants. As a custom, policy and practice, the LAPD permits peace officers broad authority to effect warrantless entry of a private residence under the exigency and emergency exception where no exigency or emergency exists. The LAPD does not require that peace officers effect warrantless entry of a private residence only where an objectively reasonable officer on scene under similar circumstances would find exigency or emergency, but merely requires that an on-scene peace officer have a subjective belief that an exigency or emergency justifies warrantless entry. This practice allows armed uniformed members of the LAPD to circumvent the prohibition against warrantless searches and seizures even when there is no cognizable emergency or exigency relieving a peace officer of the duty to seek a judicial warrant. A peace officer need only dream of an exigency or emergency, no matter how far-fetched, and the LAPD sanctions the intrusion. In light of the LAPD's custom, policy and practice, discretion is taken away from the courts and entrusted to incompetent or unfit low-level peace officers who may foreseeably break into the home of a law-abiding citizen without warrant and weapons drawn, use deadly or unreasonable force, handcuff the citizen and whisk him or her out of doors.

23. The Breaching Defendants acted according to the LAPD's established policy, custom and practice of warrantless searches and seizures for reason of exigency or emergency based solely on an on-scene peace officer's subjective beliefs, whether or not a legally cognizable exigency or emergency exists. The City directly oversees the LAPD and is ultimately responsible for execution of the policy, custom and practice. The City and the LAPD were deliberately indifferent to the foreseeable consequences of the LAPD's established policy, custom and practice. The Public Entities' indifference and the LAPD's established policy, custom and practice led to the Breaching Defendants' unlawful and unreasonable search and seizure of Plaintiffs' home and persons, caused the deprivation of Plaintiffs' Constitutional rights and resulted in Plaintiffs' ultimate harm.

24. Alternatively, the LAPD fails to train peace officers in the proper execution of warrantless entry of private residences and the warrantless arrest of a person while the person is inside the locked confines of his or her private residence. The LAPD fails to train peace officers in the proper handling of persons who have not committed a crime and who are not reasonably suspected to have committed a crime. The LAPD does not train peace officers to consider common sense factors in making arrests and binding members of the public such as severity of the crime suspected, possibility of the arrestee escaping, possibility of the incident escalating, potential threat to peace officers and other persons on scene, knowledge of the arrestee's previous encounters with law enforcement, number of peace officers blocking all possible exits, whether the arrestee is on the upper floor of a building away from any exits or peacefully reposed inside his or her private residence.

25. The Breaching Defendants were not adequately trained in the lawful execution of warrantless searches and seizures of a private residence nor the lawful search and seizure of a person, while the person is in the confines of his or her private residence. The Breaching Defendants were not trained to seek a warrant when peace officers lack sufficient cause or objectively reasonable circumstances to enter a private residence. The lack of training was reflected in the fact the Breaching Defendants entered Plaintiffs' home without probable cause to believe that a crime

had been or was being committed, a reasonable suspicion that such entry was necessary to prevent the destruction of evidence or escape or some other consequences improperly frustrating legitimate law enforcement efforts. Likewise, the failure to train was evident in the Breaching Defendants' decision to enter Plaintiffs' home when there was no threat to life or limb that would excuse the entry. In spite of these facts, Wechsler, Jacobus, Garcia, Doe 4 and others insisted repeatedly that the Breaching Defendants had the right of entry. The Breaching Defendants demonstrated no knowledge or understanding of a citizen's basic right to Fourth Amendment protections, privacy, reasonable use of force or to be left alone in his or her private residence.

26. The Breaching Defendants were not trained to refrain from holding at gunpoint, manhandling, arresting and handcuffing unarmed persons who have not committed felonies or other crimes, an objective officer on scene would know is not then committing a felony or a crime and poses no risk to the safety of peace officers on scene, others or the person him or herself. As to these instances, the Breaching Defendants were not trained that simply speaking to such a person is sufficient, particularly when the person is in fact speaking to the peace officers on scene. Further, the Breaching Defendants were not trained to render aid to persons in their custody, especially where such persons are bound and requesting medical assistance.

27. The LAPD failed to adequately train the Breaching Defendants to handle warrantless entry, search and seizure of a private residence under the exigency or emergency exception to the Fourth Amendment. The LAPD failed to train the Breaching Defendants how to effect warrantless search and seizure of an unarmed nonviolent private citizen while the citizen is inside the secure confines of his or her private home. The City directly oversees the LAPD and is ultimately responsible for the LAPD's training policies, practices and programs. The City and the LAPD were deliberately indifferent to the foreseeable consequences of the LAPD's failure to train the Breaching Defendants. The Public Entities' indifference and the LAPD's failure to train led to the Breaching Defendants' unlawful and unreasonable search and seizure of Plaintiffs' home and persons, caused the deprivation of Plaintiffs' Constitutional rights and resulted in Plaintiffs' ultimate harm.

## SECOND CAUSE OF ACTION

### Excessive Force (42 U.S.C. § 1983)

**(Against City, LAPD, Wechsler, Jacobus, Garcia, Rios, Anderson, Doe 4 and Doe 5)**

28. Plaintiffs incorporate by reference into the Second Cause of Action the allegations contained in the First Cause of Action as fully set forth therein.

29. The Breaching Defendants used unreasonable force against Plaintiffs as detailed in paragraphs 15 through 19 of this complaint. Each of the Breaching Defendants was an integral participant in causing the use of unreasonable force. No reasonable peace officer on scene would have used the level of force the Breaching Defendants used against Plaintiffs because Plaintiffs were peaceably in the confines of their private home and the peace officers on scene lacked consent, warrant, probable cause, exigency or emergency to justify entry into Plaintiffs' home or use of any force. The Breaching Defendants acted intentionally, recklessly and negligently and the Breaching Defendants' actions deprived Plaintiffs of their rights under the United States Constitution and the laws of the United States. Plaintiffs were harmed and their Fourth Amendment rights violated as a direct and proximate result of the Breaching Defendants' unreasonable use of force and the Breaching Defendants' use of force was a substantial factor in causing Plaintiffs' harm.

30. The City and the LAPD were deliberately indifferent to the foreseeable consequences of the LAPD's established policy, custom and practice and failure to train as alleged in the First Cause of Action. The Public Entities' indifference and the LAPD's established policy, custom and practice and failure to train led to the Breaching Defendants' unreasonable use of force, caused the deprivation of Plaintiffs' Constitutional rights and resulted in Plaintiffs' ultimate harm.

## THIRD CAUSE OF ACTION

### False Arrest (42 U.S.C. § 1983)

**(Against City, LAPD, Wechsler, Jacobus, Garcia, Rios, Anderson, Doe 4 and Doe 5)**

31. Plaintiffs incorporate by reference into the Third Cause of Action the allegations contained in the Second Cause of Action as fully set forth therein.

32. The Breaching Defendants unlawfully arrested Plaintiffs without warrant or

probable cause. The Breaching Defendants acted intentionally, recklessly and negligently and the Breaching Defendants' actions deprived Plaintiffs of their rights under the United States Constitution and the laws of the United States. Plaintiffs were harmed and their Fourth Amendment rights violated as a direct and proximate result of the unlawful warrantless arrest and the Breaching Defendants' unlawful arrest was a substantial factor in causing Plaintiffs' harm.

33. The City and the LAPD were deliberately indifferent to the foreseeable consequences of the LAPD's established policy, custom and practice and failure to train as alleged in the First Cause of Action. The Public Entities' indifference and the LAPD's established policy, custom and practice and failure to train led to the Breaching Defendants' unlawful warrantless arrest of Plaintiffs, caused the deprivation of Plaintiffs' Constitutional rights and resulted in Plaintiffs' ultimate harm.

## FOURTH CAUSE OF ACTION

### False Arrest

**(Against City, LAPD, Wechsler, Jacobus, Garcia, Rios, Anderson, Doe 4 and Doe 5)**

34. Plaintiffs incorporate by reference into the Fourth Cause of Action the allegations contained in the Third Cause of Action as fully set forth therein.

35. The Breaching Defendants intentionally deprived Plaintiffs of their freedom of movement by use of restraints, physical barriers, lethal weapons, physical force and the threat of violence. The Breaching Defendants compelled Plaintiffs to stay for an appreciable period of time in places where Plaintiffs were not permitted comfort or escape. The Breaching Defendants lacked warrant, probable cause, reasonable suspicion (alone insufficient) or legal process to effect lawful arrest and confinement of Plaintiffs. Plaintiffs did not knowingly or voluntarily consent to their confinement and were harmed as a direct and proximate result of their confinement. The Breaching Defendants' conduct was a substantial factor in causing Plaintiffs' harm. The Breaching Defendants' false arrest and confinement of Plaintiffs was reasonably foreseeable to the Public Entities and the Public Entities are vicariously liable for the Breaching Defendants' wrongful and unlawful conduct.

## FIFTH CAUSE OF ACTION

### Civil Assault

**(Against City, LAPD, Jacobus, Garcia, Rios, Anderson, Doe 4 and Doe 5)**

36. Plaintiffs incorporate by reference into the Fifth Cause of Action the allegations contained in the Fourth Cause of Action as fully set forth therein.

37. Jacobus, Garcia, Rios, Anderson, Doe 4 and Doe 5 (the "Assaulting Defendants") used unreasonable force to effect warrantless entry and unlawful arrest of Plaintiffs by pointing a loaded weapon at the head and person of Plaintiffs. The Assaulting Defendants so acted intending to cause harmful or offensive contact with Plaintiffs and Plaintiffs reasonably believed Plaintiffs were about to be touched in a harmful or offensive manner. The Assaulting Defendants' conduct caused in Plaintiffs great apprehension and fear for their lives. Plaintiffs did not consent to having loaded weapons pointed at Plaintiffs' head and person and were harmed thereby. The Assaulting Defendants' conduct was a substantial factor in causing Plaintiffs' harm. The Assaulting Defendants' conduct, as detailed in paragraphs 15 through 19 of this complaint, was reasonably foreseeable to the Public Entities and the Public Entities are vicariously liable for the Assaulting Defendants' wrongful and unlawful conduct.

## SIXTH CAUSE OF ACTION

### Civil Battery

**(Against City, LAPD, Jacobus, Garcia, Rios, Doe 4 and Doe 5)**

38. Plaintiffs incorporate by reference into the Sixth Cause of Action the allegations contained in the Fifth Cause of Action as fully set forth therein.

39. Jacobus, Garcia, Rios, Doe 4 and Doe 5 (the "Physically Violent Defendants") intentionally touched Plaintiffs in an offensive and harmful manner and used unlawful and unreasonable force to arrest and detain Plaintiffs while Plaintiffs were otherwise secured in their private home. Plaintiffs did not consent to the Physically Violent Defendants' use of physical force and were frightened, deeply offended and harmed by the force used. The Physically Violent Defendants' use of physical force was a substantial factor in causing Plaintiffs' harm. The

EARL J. WASHINGTON
ATTORNEY AT LAW
LOS ANGELES

12

COMPLAINT

Physically Violent Defendants' conduct, as detailed in paragraphs 15 through 19 of this complaint, was reasonably foreseeable to the Public Entities and the Public Entities are vicariously liable for the Physically Violent Defendants' wrongful and unlawful conduct.

### SEVENTH CAUSE OF ACTION

#### Trespass

**(Against City, LAPD, Wechsler, Jacobus, Garcia, Rios, Anderson, Doe 4 and Doe 5)**

40. Plaintiffs incorporate by reference into the Seventh Cause of Action the allegations contained in the Sixth Cause of Action as fully set forth therein.

41. The Breaching Defendants had actual knowledge that Plaintiffs explicitly denied each and all of the Breaching Defendants permission to enter Plaintiffs' home. Plaintiffs locked the doors to Plaintiffs' home, denied the Breaching Defendants permission to enter, were at all times present in the home and at no time provided the Breaching Defendants consent for entry. The Breaching Defendants bypassed the locked entrance to the home and entered despite Plaintiffs' unequivocal statements to the Breaching Defendants that the Breaching Defendants had no authorization to enter the home. Plaintiffs were harmed as a direct and proximate cause of the Breaching Defendants' forced entry and the forced entry was a substantial factor in causing Plaintiffs' harm. The Breaching Defendants' unauthorized invasion of Plaintiffs' home was reasonably foreseeable to the Public Entities and the Public Entities are vicariously liable for the Breaching Defendants' wrongful conduct.

### EIGHTH CAUSE OF ACTION

#### Invasion of Privacy

**(Against City, LAPD, Wechsler, Jacobus, Garcia, Rios, Anderson, Doe 4 and Doe 5)**

42. Plaintiffs incorporate by reference into the Eighth Cause of Action the allegations contained in the Seventh Cause of Action as fully set forth therein.

43. Plaintiffs held a reasonable expectation of privacy in the confines of Plaintiffs' locked private home. The Breaching Defendants entered Plaintiffs' home without consent, sufficient cause or just excuse. The Breaching Defendants' invasion of Plaintiffs' home was highly

1  offensive to Plaintiffs and would be so to a reasonable person. Plaintiffs were harmed as a direct
2  and proximate result of the invasion and the invasion was a substantial factor in causing Plaintiffs'
3  harm. The Breaching Defendants' invasion of Plaintiffs' home was reasonably foreseeable to the
4  Public Entities and the Public Entities are vicariously liable for the intrusion.

## NINTH CAUSE OF ACTION

### Tom Bane Civil Rights Act (Civil Code § 52.1)

(Against City, LAPD, Wechsler, Jacobus, Garcia, Rios, Anderson, Doe 4 and Doe 5)

44. Plaintiffs incorporate by reference into the Ninth Cause of Action the allegations contained in the Eighth Cause of Action as fully set forth therein.

45. The Breaching Defendants intentionally interfered or attempted to interfere by use of threat, intimidation and coercion with Plaintiffs' exercise and enjoyment of rights secured by the United States Constitution, California Constitution, laws of California and laws of the United States. Plaintiffs were harmed and the Breaching Defendants' interference and attempted interference with Plaintiffs' legal and civil rights was a substantial factor in causing Plaintiffs' harm. The Breaching Defendants' wrongful and unlawful conduct, as detailed in paragraphs 15 through 19 of this complaint, was reasonably foreseeable to the Public Entities and the Public Entities are vicariously liable for the Breaching Defendants' violation of Civil Code section 52.1.

## TENTH CAUSE OF ACTION

### Violation of Civil Code § 43

(Against City, LAPD, Wechsler, Jacobus, Garcia, Rios, Anderson, Doe 4 and Doe 5)

46. Plaintiffs incorporate by reference into the Tenth Cause of Action the allegations contained in the Ninth Cause of Action as fully set forth therein.

47. The Breaching Defendants subjected Plaintiffs to bodily restraint, personal insult, emotional and physical harm as well as injury to Plaintiffs' personal relations. Plaintiffs were harmed and the Breaching Defendants' wrongful conduct was a substantial factor in causing Plaintiffs' harm. The Breaching Defendants' wrongful and unlawful conduct, as detailed in paragraphs 15 through 19 of this complaint, was reasonably foreseeable to the Public Entities and

the Public Entities are vicariously liable for the Breaching Defendants' violation of Civil Code section 43.

### ELEVENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

**(Against City, LAPD, Wechsler, Jacobus, Garcia, Rios, Anderson, Doe 4 and Doe 5)**

48. Plaintiffs incorporate by reference into the Eleventh Cause of Action the allegations contained in the Tenth Cause of Action as fully set forth therein.

49. The Breaching Defendants' wrongful conduct, as alleged in paragraphs 15 through 19 of this complaint, caused Plaintiffs to suffer severe emotional and physical distress. The Breaching Defendants' conduct was outrageous and would be so to a reasonable person. The Breaching Defendants acted knowingly with intent to cause Plaintiffs physical and emotional distress, or acted negligently and with reckless disregard of the probability that Plaintiffs would suffer physical and emotional distress, knowing that Plaintiffs were at all times present when the Breaching Defendants' wrongful conduct occurred. Plaintiffs suffered severe emotional and physical distress and the Breaching Defendants' intentional, reckless and negligent conduct was a substantial factor in causing Plaintiffs' severe emotional and physical distress. The Breaching Defendants' wrongful conduct was reasonably foreseeable to the Public Entities and the Public Entities are vicariously liable for the Breaching Defendants' intentional, reckless and negligent infliction of physical and emotional distress.

### TWELFTH CAUSE OF ACTION

### Negligence

**(Against City, LAPD, Wechsler, Jacobus, Garcia, Rios, Anderson, Doe 4 and Doe 5)**

50. Plaintiffs incorporate by reference into the Twelfth Cause of Action the allegations contained in the Eleventh Cause of Action as fully set forth therein.

51. The Breaching Defendants owed a duty of care to Plaintiffs to refrain from entering Plaintiffs' private home except by way of consent, just cause, warrant, exigency or emergency. The Breaching Defendants owed a duty of care to keep Plaintiffs from harm and injury and to refrain

from using deadly weapons or harming and injuring Plaintiffs. The Breaching Defendants owed a duty of care to refrain from interfering with Plaintiffs' quiet enjoyment of Plaintiffs' locked private residence. Each of the Breaching Defendants violated his or her duty of care owed to Plaintiffs by entering Plaintiffs' private residence; assaulting Plaintiffs with lethal weapons; striking, pushing, grabbing, frisking, searching and binding Plaintiffs; arresting and confining Plaintiffs; and failing to provide aid to a bound and helpless person. Plaintiffs were harmed as a direct and proximate result of the Breaching Defendants' negligence and the Breaching Defendants' negligence was a substantial factor in causing Plaintiffs' harm. The Breaching Defendants' wrongful acts and omissions were reasonably foreseeable to the Public Entities and the Public Entities are vicariously liable for the Breaching Defendants' negligence.

## THIRTEENTH CAUSE OF ACTION

### Negligent Training

### (Against City and LAPD)

52. Plaintiffs incorporate by reference into the Thirteenth Cause of Action the allegations contained in the Twelfth Cause of Action as fully set forth therein.

53. The Public Entities have the authority and responsibility to train the Breaching Defendants and exercise reasonable care in carrying out that responsibility. The Public Entities knew or should have known that the Breaching Defendants were each incompetent or unfit and likely to harm other persons on account of the Public Entities' failure to train and in view of the work to be entrusted each Breaching Defendant. The Public Entities knew or should have known that assigning each Breaching Defendant law enforcement tasks or activities which require the exercise of discretion and contact with the public, including but not limited to responding to requests for police assistance, on scene criminal investigation, warrantless forced entry into private residences and warrantless arrests, would create an unreasonable risk of harm to other persons, as each Breaching Defendant lacked the necessary training.

54. Each Breaching Defendant engaged in negligent or wrongful acts and omissions in the course of his or her employment, as detailed in paragraphs 15 through 19 of this complaint,

resulting in harm or an unreasonable risk of harm to other persons. The Breaching Defendants' conduct was foreseeable and the Public Entities were aware of this negligent or wrongful conduct and of the harm or risk of harm thereby created and failed to train or take appropriate corrective action. As a direct and proximate cause of the Breaching Defendants' lack of training, each Breaching Defendant, in performing the tasks or activities assigned, caused Plaintiffs to suffer harm. The Public Entities' failure to train the Breaching Defendants was a substantial factor in causing Plaintiffs' harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against all Defendants, and each of them, as follows:

1. For Plaintiffs' general damages according to proof;
2. For Plaintiffs' cost of suit;
3. For punitive damages according to proof against the individual defendants only; and
4. For such other and further relief as the Court may deem appropriate, just and proper.

DATED: March 18, 2022

EARL J. WASHINGTON
Attorney at Law

By: _____
EARL J. WASHINGTON
Attorney for Plaintiffs

**REQUEST FOR JURY TRIAL**

Plaintiffs hereby request trial by jury as to all triable issues.

DATED: March 18, 2022

EARL J. WASHINGTON
Attorney at Law

By: *Earl W.*
EARL J. WASHINGTON
Attorney for Plaintiffs