UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL J. WASHINGTON, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ZACKERY WILLIAMS WECHSLER, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:22-cv-06256-FLA (Ex)<br><br>**ORDER GRANTING AS MODIFIED PLAINTIFFS' MOTION TO CONTINUE TRIAL AND PRETRIAL DATES [DKT. 155] AND GRANTING AS MODIFIED PLAINTIFFS'** ***EX PARTE*** **APPLICATION TO DEFER CONSIDERATION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. 159]; ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT** |

**RULING**

On December 27, 2024, Plaintiffs Earl J. Washington and Lola Mitsuk ("Plaintiffs") filed a Motion to Continue the Trial and Pretrial Dates (the "Motion"). Dkt. 155.  On January 3, 2025, Plaintiffs also filed an *Ex Parte* Application to Defer Consideration of Defendants' Motion for Summary Judgment (the "Application"). Dkt. 159.[1]  Defendants the City of Los Angeles, Los Angeles Police Department, Zackery William Wechsler, Ronald Jacobus, III, Alfredo Garcia, Johnny Alejandro Rios, Kirk Stuwart Anderson, Marcus Andrew Eggleston, Allya Czarina Kahn, Jeffri Kent Norat, and Richard Angel Acosta ("Defendants") did not file oppositions to the Motion or Application.

For the reasons stated below, the court GRANTS as modified the Motion and GRANTS as modified the Application.  The court further orders Defendants to show cause why they should not be held in contempt for failing to comply with the court's September 10, 2024 Order.

**DISCUSSION**

In their Motion, Plaintiffs request the court continue pretrial and trial dates by at least sixty days to allow Plaintiffs to complete discovery, file summary judgment motions, and prepare for trial.  Dkt. 155 at 10–11.  Plaintiffs additionally argue a continuance is necessary so the court can rule on Plaintiffs' outstanding motions for reconsideration and a stay of the proceedings pending resolution of their appeal of the Order (Dkt. 120) denying Plaintiffs' application to seal exhibits.  *Id.* at 12–13.  Similarly, in their Application, Plaintiffs request a continuance of the hearing on Defendants' Motion for Summary Judgment (Dkt. 147) for an undetermined amount of time, arguing a continuance is necessary because they require "additional time to obtain essential discovery in order to oppose or file a summary judgment motion in

---

[1] The court cites documents by the page numbers added by the court's CM/ECF system, rather than any page numbers that appear within the documents natively.

this case." Dkt. 159 at 4 (citing Fed. R. Civ. P. 56(d)).[2]

To show good cause for an extension, a party must provide specific, detailed, and non-conclusory reasons for granting the extension, including a showing of diligence in pursuing the litigation. *See* Fed. R. Civ. P. 16(b)(4) (requiring good cause showing); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (noting that the standard focuses on a party's diligence and that "the inquiry should end" when diligence is not shown).

Plaintiffs contend good cause exists for a continuance under Fed. R. Civ. P. 56(d) ("Rule 56(d)") because the Defendants failed to follow the assigned Magistrate Judge's order, Dkt. 114, to make available for depositions Defendant Wechsler and other members of the City of Los Angeles and the Los Angeles Police Department. Dkt. 159 at 7–8. According to Plaintiffs, they require additional time to complete discovery because of Defendants' non-compliance, and it would be unfair for the court to rule on Defendants' summary judgment motion while allowing Defendants to withhold essential discovery. *Id*. at 8–9.

"Rule 56(d) offers relief to a litigant who, faced with a summary judgment motion shows the court by affidavit or declaration that it cannot present facts essential to justify its opposition." *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 899 (9th Cir. 2012) (quotation marks and citation omitted). A Rule 56(d) motion, however, should not be granted where a party has failed to "diligently … pursue discovery before summary judgment." *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th Cir. 2002) (citation omitted); *see also Adams v. Allstate Ins. Co.*, 187 F. Supp. 2d 1207, 1213 (C.D. Cal. 2002) ("[A] court may refuse to continue hearing a summary judgment motion where a party has had the opportunity to conduct discovery in a diligent fashion, but failed to do so.") (citing *Stitt v. Williams*, 919 F.2d

---

[2] All references to a Rule shall be to the Federal Rules of Civil Procedure unless stated otherwise.

3

| | |
|---|---|
| 1 | 516, 525 (9th Cir. 1990)). |
| 2 |     Plaintiffs filed this suit in September 2022, Dkt. 1, and the court initially set |
| 3 | October 13, 2023, as the parties' deadline to complete fact discovery, Dkt. 15 at 3. |
| 4 | Pursuant to the court's May 29, 2024 Order extending pretrial and trial dates and |
| 5 | deadlines, the court continued the fact discovery cut-off date to January 17, 2025. |
| 6 | Dkt. 81 at 2. |
| 7 |     On August 30, 2024, Plaintiffs filed a Motion to Compel Further Discovery |
| 8 | Responses.  Dkt. 110.  On September 10, 2024, the Magistrate Judge granted in part |
| 9 | Plaintiffs' motion and ordered that "[t]he depositions of Defendant City of Los |
| 10 | Angeles, Defendant Los Angeles Police Department and Defendant Zackery William |
| 11 | Wechsler shall occur at times and places to be agreed upon by all interested persons." |
| 12 | Dkt. 114 at 13. |
| 13 |     On December 20, 2024, Plaintiffs filed a Motion to Compel the Depositions of |
| 14 | Zackery William Wechsler, City of Los Angeles, and Los Angeles Police Department, |
| 15 | and noticed the matter for hearing on January 17, 2025.  Dkt. 151.  On January 2, |
| 16 | 2025, the Magistrate Judge denied Plaintiffs' motion as untimely, because "[g]ranting |
| 17 | the Motion at a January 17, 2025 hearing would not cause the subject depositions to |
| 18 | be completed by the present [discovery] cut-off [date]."  Dkt. 157 at 1.  The |
| 19 | Magistrate Judge, however, advised Defendants "that the denial of the Motion [did] |
| 20 | not affect in any way Defendants' obligation to comply with [the September 10, 2024 |
| 21 | Order]," and noted that the denial was "without prejudice to Plaintiffs' right to seek |
| 22 | relief from the District Judge under Rule 56(d) … or otherwise."  *Id.* |
| 23 |     In the Application, Plaintiffs contend they attempted to schedule the depositions |
| 24 | of the City of Los Angeles, Los Angeles Police Department, and Zackery William |
| 25 | Wechsler, *see* Dkt. 155-2 at 213–14, but "Wechsler, City and LAPD have not agreed |
| 26 | to appear for deposition and their counsel will not meet and confer on the issue," Dkt. |
| 27 | 159 at 8.  Defendants did not respond to the Application and, thus, appear to concede |
| 28 | |

they did not comply with the September 10, 2024 Order to produce these Defendants for their depositions.

Based on this record, the court finds Plaintiffs have established they acted diligently to pursue this discovery prior to the close of fact-discovery, and that good cause exists for the extension requested. *See* Fed. R. Civ. P. 56(d). The court, therefore, GRANTS the Motion on this basis. Similarly, Plaintiffs' request for an extension of their deadline to file a motion for summary judgment is GRANTED as modified, as the court finds Plaintiffs have established good cause for the extension.

## **CONCLUSION**

In sum, the court finds Plaintiffs have established good cause for a continuance of pretrial and trial dates and deadlines, GRANTS the Motion as modified, GRANTS the Application as modified, and hereby ORDERS the following:

1. The court reopens fact discovery for the limited purpose of allowing Plaintiffs to depose Defendants Zackery William Wechsler, the City of Los Angeles, and the Los Angeles Police Department.

2. Defendants are ORDERED to produce Defendants Zackery William Wechsler, the City of Los Angeles, and the Los Angeles Police Department for depositions to take place on or before February 14, 2025, or a date otherwise agreed upon by the parties.

3. Defendants are ORDERED TO SHOW CAUSE in writing, on or before February 7, 2025, why they should not be held in contempt, and why the court should not impose sanctions, up to and including monetary, issue, evidentiary, and/or terminating sanctions, for their failure to comply with the September 10, 2024 Order, Dkt. 114 at 13.

4. Plaintiffs' deadline to oppose Defendants' Motion for Summary Judgment (Dkt. 147) and/or file their own Motion for Summary Judgment shall be March 21, 2025.

5. Defendants' deadline to file a reply in support of their Motion for Summary Judgment and/or oppose Plaintiffs' Motion for Summary Judgment shall be April 4, 2025.

6. Plaintiffs' deadline to file a reply in support of their Motion for Summary Judgment shall be April 11, 2025.

7. The Motion(s) for Summary Judgment shall be taken under submission automatically as of Plaintiffs' filing of its reply or April 11, 2025, if none is filed.

8. The Final Pretrial Conference, Jury Trial, and all related dates and deadlines are hereby VACATED, with these dates to be reset after the court issues a ruling on the Motion(s) for Summary Judgment.

IT IS SO ORDERED.

Dated: January 23, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge