UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL J. WASHINGTON, *et al.*,<br><br>            Plaintiffs,<br><br>    v.<br><br>ZACKERY WECHSLER, *et al.*,<br><br>            Defendants. | Case No. 2:22-cv-06256-FLA (Ex)<br><br>**ORDER TO SHOW CAUSE WHY PLAINTIFF EARL J. WASHINGTON SHOULD NOT BE DISQUALIFIED FROM REPRESENTING PLAINTIFF LOLA MITSUK** |

1

## ORDER TO SHOW CAUSE

This action involves allegations that Defendants the City of Los Angeles, Los Angeles Police Department, Zackery William Wechsler, Ronald Jacobus, III, Alfredo Garcia, Johnny Alejandro Rios, Kirk Stuwart Anderson, Marcus Andrew Eggleston, Allya Czarina Kahn, Jeffri Kent Norat, and Richard Angel Acosta ("Defendants") violated the constitutional rights of Plaintiffs Earl J. Washington ("Washington") and Lola Mitsuk ("Mitsuk"). The operative Complaint alleges federal claims under 42 U.S.C. § 1983 for unlawful search and seizure, excessive force, and false arrest, along with related state claims. Dkt. 63. Washington, a licensed attorney, is representing himself and Mitsuk. As relevant, before the court are the parties' motions for summary judgment. *See* Dkts. 147, 190.

Local Rule 83-3.1.2 states that each admitted attorney "shall be familiar with and comply with the standards of professional conduct required of members of the State Bar of California and contained in … the Rules of Professional Conduct of the State Bar of California." *See Radcliffe v. Hernandez*, 818 F.3d 537, 541 (9th Cir. 2016) ("The Ninth Circuit refers to the local rules of each district when deciding which standards govern an ethical violation, and the Central District of California's local rules instruct courts to look to California law and California's Rules of Professional Conduct.").

When an attorney represents multiple parties in the same action, there is a risk a conflict of interest can arise. In that instance, it is "the duty of the district court to examine the charge, since it is that court which is authorized to supervise the conduct of the members of its bar." *Gas-A-Tron of Arizona v. Union Oil Co. of California*, 534 F.2d 1322, 1324 (9th Cir. 1976) (per curiam) (citation omitted). The court "may disqualify an attorney for not only acting improperly but also for failing to avoid the appearance of impropriety." *Id.* at 1324–25 (citation omitted).

"Whether an attorney should be disqualified is a matter addressed to the sound discretion of the trial court." *Henriksen v. Great Am. Sav. & Loan*, 11 Cal. App. 4th

109, 113 (1992). Outright disqualification is generally disfavored "and should only be imposed when absolutely necessary." *Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796, 814 (N.D. Cal. 2004). Nevertheless, "[t]he paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar." *People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc.*, 20 Cal. 4th 1135, 1145 (1999). Accordingly, the "right to counsel of one's choice must yield to ethical considerations that affect the fundamental principles of our judicial process." *Id.*

California Rule of Professional Responsibility 1.7 provides in part:

> (a) A lawyer shall not, without informed written consent from each client and compliance with paragraph (d), represent a client if the representation is directly adverse to another client in the same or a separate matter.
>
> (b) A lawyer shall not, without informed written consent from each affected client and compliance with paragraph (d), represent a client if there is a significant risk the lawyer's representation of the client will be materially limited by the lawyer's responsibilities to or relationships with another client, a former client, or a third person, or by the lawyer's own interests.

Absent an informed written consent by Mitsuk, Washington's representation of Mitsuk appears to violate the required standards of legal ethics and disqualify him from continuing his representation of Mitsuk. Washington and Mitsuk are pursuing the same claims against Defendants. However, there is a risk Washington's representation of Mitsuk has been or will be materially limited by his own interests. For example, Washington and Mitsuk may have potential claims against each other, or may have competing interests as to the claims they should bring against one or more Defendants. At trial, Washington may be reluctant or decline to make certain arguments, pursue lines of inquiry, or call certain witnesses that could benefit Mitsuk but jeopardize his claims *vis-à-vis* those of Mitsuk. Washington also could refrain from continued settlement negotiations, decline to settle altogether, or discourage or impede Mitsuk from settling if prospective settlement terms favor Mitsuk, or if

settlement by Mitsuk weakens his position in the action. Some, or all, of these possibilities could materially limit Washington's ability to provide Mitsuk with unconflicted legal representation.

The court, thus, has an obligation to inquire and to disqualify Washington unless he can present evidence Mitsuk has given informed written consent regarding any actual or potential conflict that has arisen, or could arise, from Washington's continued representation of Mitsuk and himself in the same action. *See ABN Corp. v. Groupe PELM Int'l Corp.*, Case No. 23-cv-00004-RFL, 2024 WL 818343, at *1 (N.D. Cal. Feb. 27, 2024) (issuing order to show cause because defendant's continued representation of her co-defendants appears to violate required standards of legal ethics and may disqualify defendant from continuing representation).

Accordingly, Washington is ORDERED TO SHOW CAUSE, in writing, within fourteen (14) days from the date of this Order, why he should not be disqualified from representing Mitsuk in this action. The response shall address whether Washington's representation complies with the California Rules of Professional Responsibility, including, but not limited to, Rule 1.7.

If Washington believes he should not be disqualified because Mitsuk has provided informed written consent, then he must submit proof of that informed written consent to the court. Said proof may include the informed written consent signed by Mitsuk, and/or a declaration executed by Mitsuk acknowledging her informed written consent to Washington's representation and authenticating she read, understood, and agreed to the informed written consent, and indicating whether she consulted with independent counsel before executing the informed written consent and/or declaration.

Failure to respond timely to this Order or submit adequate proof may result in Washington's disqualification without further notice. The court will hold the motions for summary judgment (Dkts. 140, 193)—as well as the derivative motions related to the motions for summary judgment (Dkts. 195, 196)—in abeyance until it has

4

determined whether Washington suffers from an incurable actual or potential conflict of interest.

IT IS SO ORDERED.

Dated: July 7, 2025

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge